THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAURA PHELAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 01 C 3638 |
| | ) | |
| COOK COUNTY, CLAUDETTE GILES, individually, PARIS PARTEE, individually, JOHN ALSTERDA, individually, LAWRENCE CHASEN, individually, JACK CALLAGHAN, individually, RONALD JOTZAT, individually, JOHN HUSSAK, individually, and RONALD SILVA, individually, | ) ) ) ) ) ) ) ) ) | Judge George M. Marovich |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The Court granted defendants summary judgment on plaintiff's eight federal claims. At the same time, the Court dismissed without prejudice plaintiff's supplemental state claims for assault and battery and intentional infliction of emotional distress. Defendants filed a bill of costs in the amount of $10,043.95, which the clerk granted on April 12, 2005. On May 3, 2005, the plaintiff filed a motion seeking review of the order granting defendants their costs. The Court grants in part and denies in part plaintiff's motion.

I.  **Discussion**

Prevailing parties are presumptively entitled to their costs. *See* Fed. R. Civ. Pro. 54(d)(1) ("costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court directs otherwise"). Courts will not delay the taxing of costs pending appeal. *Hoeller v.*

*Eaton Corp.*, 149 F.3d 621, 626 (7th Cir. 1998); *Lorenz v Valley Forge Ins. Co.*, 23 F.3d 1259, 1260 (7th Cir. 1994).

Once the clerk taxes costs, a party has five days to file a motion for review of the order granting costs. *See* Fed.R.Civ.Pro. 54(d)(1). The time limit is not jurisdictional, however, and the Court is allowed to extend it. *Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1260 (7th Cir. 1994). In this case, the plaintiff did not file her motion within five days. Her attorneys filed affidavits stating that they did not receive a copy of the order granting costs and that they did not know about the order until May 2, 2005 when they learned about it from defendants' counsel. Because the Court finds that this is good cause for not having filed a motion for review within five days, the Court will extend the time limit and consider the motion for review.

*Costs for transcripts and court reporter fees*

The only costs sought by defendants and granted by the clerk were for deposition transcripts and court reporter fees. Such costs are recoverable. *See* 28 U.S.C. § 1920 ("A judge or clerk of any court of the United States may tax as costs the following: . . . (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case").

Plaintiff argues that several of the transcripts were not necessarily obtained as evidenced by the fact that defendants failed to use the transcripts in connection with their motion for summary judgment. Specifically, plaintiffs assert that defendants did not use the deposition transcripts of John Hussar, Ronald Silva, Lawrence Chasin, Gregory Hardin, Annette Rozmin, Charles Gunter, Dr. William Clark or Richard Cuevas in connection with the summary judgment motion. Whether a transcript was necessarily obtained is determined as of the time the

deposition was taken, and the fact that it was not used in a summary judgment motion is not always dispositive. *See Mother and Father v. Cassidy*, 338 F.3d 704, 712 (7th Cir. 2003). Still, defendants bear the burden of establishing that the transcript was necessarily obtained and, in the face of a challenge, must do more than state the conclusion that it was necessarily obtained. *See Ulatowski v. John Sterling Corp.*, Case No. 03 C 8847, 2005 WL 643349 at * 2 (N.D. Ill. March 16, 2005); *LeMoine v. Combined Comm. Corp.*, Case No. 95 C 5881, 1996 WL 435115 at * 2 (N.D. Ill. July 31, 1996). Here, defendants have not explained why these transcripts (which were not used in the summary judgment motion) were necessarily obtained. Accordingly, the Court will not award costs for those transcripts.

Plaintiff also challenges the calculation of costs for the transcripts that were necessarily obtained (i.e., the transcripts of the depositions of Claudette Giles (107 pages), Paris Partee (123 pages), John Alsterda (131 pages), John Callaghan (225 pages), Bernard Scavella (61 pages), Birdge Givens (128 pages), Lucia Kelly-Freeman (160 pages), Sandra Broussard (113 pages), John Mack (113 pages), James Phelan (68 pages) and Laura Phelan (354 pages)). Local Rule 54.1 (b) provides that "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court." Prior to February 28, 2003, the Judicial Conference regular rate was $3.00 per page, and since that time, it has been $3.30 per page.[1] *Zenith Electronics Corp. v. WH-TV Broadcasting Corp.*, Case No. 01 C 4366, 2004 WL 1631676 at * 3 (N.D. Ill. July 19, 2004). In this case, the

---

[1]Defendants have not put forth any reasons why they should be entitled to the expedited rate, so the Court will not tax costs at the expedited rate approved by the Judicial Conference.

clerk granted costs for transcripts at a rate higher than that allowed by the Judicial Conference. All of the transcripts for which the Court is granting costs were printed before February 28, 2003. Accordingly, the Court will grant costs for transcripts at $3.00 per page. Thus, the Court grants costs of $4749 for deposition transcripts.

Finally, in her reply, plaintiff for the first time challenges court reporter attendance fees of $92.50, $161.80 and $208.10 for the depositions of James Phelan, Laura Phelan (first day) and Laura Phelan (second day), respectively. The Court deems the argument waived since plaintiff raised it for the first time in reply. In any case, the Court deems the fees reasonable given the lengths of those transcripts and, accordingly, grants costs of $462.40 for reporter attendance fees.

## II.     Conclusion

For the reasons set forth above, the Court grants in part plaintiff's motion challenging the clerk's award of costs. The Court vacates the April 12, 2005 order awarding costs and hereby awards defendants costs of $5211.40.

ENTER:

*George M. Marovich*

George M. Marovich
United States District Judge

DATED: 07/20/2005